## AS TO RECOVERY OF FACTOR'S DEPOSITS OF PROCEEDS OF SALE.

Circuit Court of Hamilton County.

DAVID M. SMITH ET AL v. CITY HALL BANK.

Decided, April 9, 1910.

*Banks and Banking—Deposits of Customers' Money by Factors Who Have Made Sales and Collected the Proceeds—Factor Becomes Bankrupt—Bank not Liable for Proceeds of Sales Made at About the Time of the Act of Insolvency, When—Fund not Traced.*

1. In an action for recovery of the proceeds of sales made by factors and deposited in the defendant bank, the burden is on the plaintiff owners of the property sold to prove that the proceeds from the sales in question were deposited on that particular day and remained in possession of the bank.

2. Although the bank may be held to have known that the greater portion of the deposits made by the factors was derived from sales made for their customers, it can not be held to have had knowledge of the ownership of the deposits made on a particular day or to be liable for the payment in good faith of checks drawn against such deposits.

3. Checks drawn by such factors and held by their customers, but not accepted by the bank, have no preference against the fund on deposit over the claims of general creditors.

*Bennett & Utter,* for plaintiff.
*Robertson & Buchwalter* and *Theodore C. Jung,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The plaintiffs in the several actions consolidated under the above title aver that on the 11th day of November, 1907, and for thirteen years prior thereto the firm of Rabenstein, Harris

& Conner were engaged in business as live stock commission men and brokers, having a deposit account in the defendant bank; that the bank knew the nature of the firm's business. and that the greater portion of the money deposited by the firm was the proceeds of the sale of live stock belonging to their customers; that during the period from the latter part of October to the 11th day of November, 1907, they consigned live stock to said firm, which was sold and the proceeds deposited in the defendant bank, and are still in the possession of defendant; that said firm was then and for a long time prior thereto insolvent, and known to be so by the defendant; that on the 11th day of November, 1907, said firm made an assignment for the benefit of creditors, and was subsequently adjudged a bankrupt; that the plaintiffs notified defendant that the money so deposited was the proceeds of such sales and demanded payment. The answer, in so far as it is necessary to here consider it, is a general denial.

The plaintiffs assume the burden of proving not only that the proceeds of such sales were deposited in the bank, but that they are still in the possession of the bank; nor do they now claim that the bank is liable to account to them in any greater sum than the balance due to the insolvent firm on November 11, 1907, to-wit, $3,674.01.

On November 5th, 1907, the account was overdrawn $700.81; on November 6th, $1,259.19; on November 7th, $125.87, and on November 9th, $70.09. The latter does not appear at the close of business on that day, but by reason of the custom on Saturday of each week to exchange checks at the clearing house at an earlier hour than other days, the checks on Saturday, November 9th, were presented and honored before the deposits of that day were made. It is self-evident that any deposits made by the firm prior to any of such overdrafts ceased to be thereafter in the possession of the bank; and it can not be held liable, unless it knew or ought to have known that such deposits were the proceeds of sales of cattle belonging to the plaintiffs. While the defendant must have known that the greater portion of the money so deposited was derived from sales of live stock belonging to the customers of the firm, it had no knowledge that the proceeds of

sales here involved were a part of the deposits, or of the fund in controversy; and the account being an ordinary and general bank account it was justified in honoring good faith any check presented.

The only plaintiffs who have traced the proceeds into the bank and identified them as a part of the balance November 11, 1907, are H. L. Tanner, $166.80, deposited on the 9th, and $32.50 deposited on the 11th; Slack & Offutt, $492.45, deposited on the 9th, and $85 deposited on the same day; and because they have thus traced the proceeds they are entitled to recover the same with interest. *Heidlebach* v. *National Park Bank,* 87 Hun., 117; *Cady* v. *South Omaha National Bank,* 46 Neb., 756.

Of course the bank could not apply the money belonging to plaintiffs in satisfaction of an existing overdraft; but upon each day the deposits were largely in excess of the overdraft of the preceding day, and largely from sources other than the property of plaintiffs. The presumption is that the firm intended such deposits from other sources to be applied to the overdraft, rather than the money which belonged to plaintiffs.

It is further urged that the checks of the firm held by the plaintiffs, but not accepted by the bank, created an equity in the fund or a preference over the general creditors; but the law is otherwise in this state. *Covert* v. *Rhodes,* 48 O. S., 66; *Bank* v. *Brewing Co.,* 50 O. S., 151.

A decree may be entered in accordance with the above finding.


OPINION ON APPLICATION FOR A REHEARING.

On application for leave to reargue this cause our attention is directed to the testimony of Mr. George Schmidt, the president of the bank. While it is true that checks coming through the clearing house may be returned at any time before one o'clock on Saturday and four o'clock on other days, and final payment made at that time, yet on Saturday, November 9th, the checks were entered in the account about eleven o'clock, and payment became absolute at one o'clock, not because of deposits made on that day, but because there was a balance in the account carried

over from the preceding day sufficient to pay the checks except the comparatively small sum of $70.09.

This particular fund could not therefore be traced by the plaintiff as in the possession of the bank after the checks were charged to the account.

Application denied.